# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE, SOUTHERN DIVISION

| | |
|---|---|
| REDEMPTION TO THE NATIONS,      ) | |
|                     ) | |
|      **Plaintiff,**              ) | |
|                     ) | |
| **v.**                           ) | **Civil Action No.** |
|                     ) | |
| **PROGRESSIVE INVESTMENT GROUP, LLC, and**   ) | |
| **THE BAPTISTE GROUP, LLC,**       ) | |
|                     ) | |
|      **Defendants.**           ) | |
|                     ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Baptiste Group, LLC ("TBG") gives notice of the removal of this civil complaint from the Court of General Sessions for the State of Tennessee, Hamilton County, to the United State District Court for the Eastern District of Tennessee, Southern Division. The grounds for removal are as follows:

### PROCEDURAL STATUS OF THE CASE

1.     On or about October 7, 2021, Plaintiff Redemption to the Nations ("Plaintiff") filed a civil Detainer Warrant action against Defendants in the Hamilton County General Sessions Court, Case No. 21GS7203 (the "State Court Action"). Summons was issued to Plaintiff on the same day.

2.     TBG was served with a copy of the Summons and Detainer Warrant on or about October 13, 2021.

1

3. As of the date of this filing, Progressive Investments Group, LLC ("Progressive") has not yet been served with a copy of the Summons and Detainer Warrant.[1]

4. The original trial date for the Detainer Warrant was scheduled for October 28, 2021 As of the date of this filing, Defendants have not yet responded to the Detainer Warrant.

## CONSENT TO REMOVAL

5. Because Progressive has not yet been served with formal process in this action, Progressive does not need to join in or consent to this Notice of removal in accordance with 28 U.S.C. § 1446(b)(2)(A). To the extent Progressive's position is required at this stage, TBG states that Progressive consents to and joins in this Notice of removal.

## BASIS FOR FEDERAL COURT DIVERSITY JURISDICTION

6. Based upon a fair reading of the allegations and claimed damages in the Detainer Warrant, removal of the State Court Action is proper because the United States District Court for the Eastern District of Tennessee has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), as there is complete diversity of citizenship between the parties and, based upon a fair reading of the allegations and alleged damages in the Detainer Warrant, the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. As to the initial requirement for diversity jurisdiction – that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs – a fair reading of Plaintiff's Detainer Warrant illustrates that this has been satisfied. *See* 28 U.S.C. § 1332(a). Specifically, Plaintiff stated that Defendants have breached their lease by failing to make rent payments as required. *See* Detainer Warrant, **Exhibit A**. Monthly rent payments for the property

---

[1] A true and exact copy of all process, pleadings and orders served on Defendants is attached hereto as **Exhibit A** and is expressly incorporated herein. These documents constitute all process, pleadings, and orders served upon Defendants in the State Court Action and include the lease and all exhibits thereto, which together constitute the Lease.

are $41,200.00 per month. *See* Lease, ¶ 3, Ex. B, ¶ 7. At issue in this case are at least three months of rent payments totaling at least $123,600.000, exclusive of interest, fees, and costs, which Defendants have paid but Plaintiff has not accepted. Under Plaintiff's claims alone, the amount in controversy requirement has been met.

8. Moreover, TBG anticipates filing counterclaims to enforce the Lease, the initial term of which is six years, that consequently have a value of at least $2,880,000.00, far exceeding the $75,000.00 amount in controversy requirement.

9. Though it is not specifically set forth in the Detainer Warrant, it is believed that Plaintiff is a nonprofit corporation organized under the laws of the State of Tennessee with its principal office in Chattanooga, Tennessee. *See* Plaintiff's Filing Information filed with the Tennessee Secretary of State, a true and exact copy of which is attached hereto as **Exhibit B** and is expressly incorporated herein. A corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *McLouth Steel Corp. v. Jewell Coal & Coke Co.*, 432 F. Supp. 10, 11 (E.D. Tenn. 1976); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Accordingly, for jurisdictional purposes, Plaintiff is a citizen of Tennessee.

10. A defendant's citizenship as a limited liability company, for diversity jurisdiction purposes, is determined by the citizenship of each partner or member. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990)).

11. TBG is a domestic two-member limited liability company organized under the laws of the State of Georgia with its principal office located in McDonough, Georgia. TBG's members are Kevin Baptiste and Gretchen Baptiste, both of whom are Georgia residents. Accordingly, for jurisdictional purposes, TBG is a Georgia citizen and complete diversity of the parties exists.

3

12.     Upon information and belief, Progressive is a domestic single-member limited liability company organized under the laws of the State of Florida with its principal office located in Miami, Florida.  Upon information and belief, Progressive's only member is Fabiola Fleuranvil, a Florida resident.  Progressive is therefore a Florida citizen for jurisdictional purposes.

13.     Because the amount in controversy has been met and because there is complete diversity between Plaintiff and Defendants, diversity jurisdiction has been satisfied.  *See* 28 U.S.C. § 1332(a).

### PROPRIETY OF REMOVAL

14.     In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal has been timely filed within 30 days of Defendant's receipt of service of the Detainer Warrant in the State Court Action, which provided the basis for diversity jurisdiction.  In addition, the date of this Notice of Removal is within thirty days of Plaintiff's filing of the State Court Action and is therefore timely.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the U.S. District Court for the Eastern District of Tennessee is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

16.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

17.     The State Court Action is properly subject to removal pursuant to 28 U.S.C. § 1441(b).

18.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit A**.

19.     Pursuant to 28 U.S.C. § 1446(d), Defendant will (1) file a copy of this Notice of Removal with the General Sessions Court for Hamilton County, Tennessee; (2) provide prompt

4

notice to Plaintiff; and (3) file proof of all notices and filings with the Clerk of the United States District Court for the Eastern District of Tennessee. A copy of the Notice to be filed with the General Sessions Court for Hamilton County, Tennessee is attached hereto as **Exhibit C**.

20. By filing this Notice of Removal, the Defendant does not waive any rights it may have or defense that may be available to it.

**WHEREFORE**, Defendant TBG hereby remove the above-captioned action from the General Sessions Court for Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted this 26th day of October, 2021.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*s/ Gillian G. Furqueron*

Gillian G. Furqueron (BPR #36305)
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Tel: (423) 209-4150
gfurqueron@bakerdonelson.com

Mary Wu Tullis (BPR #31339)
165 Madison Avenue, Suite 2000 Memphis,
TN 38103
Tel: (901) 577-8180
mtullis@bakerdonelson.com

Mark A. Baugh (BPR #15779)
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Tel: (615) 726-5760
mbaugh@bakerdonelson.com

*Attorneys for Defendant The Baptiste Group, LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this October 26, 2021, a true and exact copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court's CM/ECF system. The foregoing **NOTICE OF REMOVAL** was served by regular U.S. Mail, first-class, postage prepaid, and electronic mail:

Nathan Kinard
CHAMBLISS, BAHNER & STOPHEL P.C.
605 Chestnut St., Ste. 1700,
Chattanooga, TN 37450

*s/ Gillian G. Furqueron*
Gillian G. Furqueron

6