UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| REDEMPTION TO THE NATIONS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 1:21-CV-260-TAV-CHS |
| PROGRESSIVE INVESTMENTS GROUP, LLC and THE BAPTISTE GROUP, LLC, | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

This civil matter is before the Court on plaintiff's motion to remand [Doc. 13]. Defendants filed a response [Doc. 16],[1] and plaintiff filed a reply [Doc. 17]. For the reasons discussed *infra*, plaintiff's motion to remand [Doc. 13] will be **GRANTED**.

**I.  Background**

On October 7, 2021, plaintiff filed a detainer warrant action against defendants in Hamilton County, Tennessee General Sessions Court [Doc. 1 ¶ 1; Doc. 1-2 p. 2]. Plaintiff asserted defendants breached a lease between plaintiff and defendants "by failing to make rent payments" [Doc. 1-2 p. 2]. Plaintiff requested the following remedies: "possession of the property, any attorneys' fees and costs associated with this action, any possible restitution for damages to the property, and all other court costs and litigation taxes" [*Id.*].

---

[1] The Court recognizes it is somewhat unclear whether The Baptiste Group, LLC's filings are also filings of Progressive Investments Group, LLC [*See, e.g.*, Doc. 16 p. 1]. For simplicity and because the Court need not address any issue where this distinction would be relevant, the Court refers to all of The Baptiste Group, LLC's filings as filings on behalf of both defendants.

However, the detainer action does not indicate that plaintiff sought back rent or any acceleration penalty for the alleged default [*See id.*; *see also id.* at 8 (lease's acceleration penalty clause)].

On October 26, 2021, defendants removed this action to this Court, asserting the Court maintains diversity jurisdiction over this action [Doc. 1]. As to the amount-in-controversy requirement, the notice of removal indicates that each of the alleged defaulted lease payments and the value of defendants' anticipated counterclaims exceed $75,000 [*Id.* ¶¶ 7–8]. Plaintiff subsequently filed the instant motion to remand [Doc. 13].

## II. Analysis

A defendant may remove to a federal district court a civil action over "which the district court[] . . . ha[s] original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have limited original jurisdiction and may only exercise the "power authorized by Constitution and statute." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Pertinently, a federal district court has original jurisdiction over actions based on diversity of citizenship, that is, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "Citizens of different States." 28 U.S.C. § 1332(a); *see also* U.S. Const. art. III, § 2, cl. 1. If a defendant improperly removes an action, on a motion of the plaintiff, the court may order remand. *See* 28 U.S.C. § 1447. Where the propriety of removal is unclear, "all doubts should be

resolved" in favor of remand.  *Harnden v. Jayco., Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citation omitted).

Pertinently, plaintiff argues removal was inappropriate because defendants have not provided evidence that the amount-in-controversy requirement is satisfied [Doc. 14 p. 3]. Plaintiff notes that while the notice of removal seeks to establish the amount in controversy exceeds $75,000 based on alleged unpaid rent, the detainer action does not actually seek back rent [*Id.*].  Further, plaintiff recognizes that the action seeks attorneys' fees, restitution, and other sums, but plaintiff notes these amounts are speculative [*Id.*]. Additionally, plaintiff recognizes the underlying action seeks possession of the premises, but plaintiff asserts possession does not contribute to the amount in controversy [*Id.* at 3–4 n.7].  Finally, plaintiff notes defendants' anticipated counterclaims have no impact on the amount in controversy [*Id.* at 4].

Defendants respond that the detainer action is based on failed rent payments and thus back rent is relevant to the amount in controversy [Doc. 16 pp. 1–2].  Defendants alternatively argue that the lease's acceleration clause permits plaintiff to accelerate rent payments in the event of default and that these payments far exceed $75,000 [*Id.* at 2–3]. Finally, defendants note the detainer action seeks possession and argue the Court should consider the value of this possession when determining the amount in controversy [*Id.*].

Plaintiff replies that defendants have presented no evidence regarding the amount-in-controversy requirement [Doc. 17 pp. 1–4].  Plaintiff highlights the detainer action does not request any specific and nonspeculative damages [*Id.* at 5–6].  Further,

3

plaintiff notes the detainer action does not request back rent or any accelerated penalty amount [*Id.* at 4–5].

As noted, diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see id.* § 1441(a). The value of the relief the plaintiff requests determines the amount in controversy so long as the request is made in good faith. *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Where a plaintiff moves to remand based on an alleged insufficient amount in controversy, both parties should submit evidence on the issue. *Total Quality Logistics, LLC v. Franklin*, No. 1:19-CV-266, 2020 U.S. Dist. LEXIS 155757, at *13 (S.D. Ohio Aug. 27, 2020) (citing 28 U.S.C. § 1446(c)(2)(B)). Ultimately, the removing defendant bears the burden to demonstrate the amount-in-controversy requirement is satisfied by a preponderance of the evidence. *See Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (citation omitted). "[T]his is not a daunting burden," but the defendant must present some evidence; "[m]ere speculation is insufficient." *Total Quality Logistics*, 2020 U.S. Dist. LEXIS 155757, at *13–15 (second alteration in original) (citations omitted).

While the defendant need not present evidence akin to summary judgment evidence, the defendant must present "competent proof" that the amount-in-controversy requirement is satisfied. *Tomblin v. Geico Choice Ins.*, No. 1:21-CV-1741, 2021 U.S. Dist. LEXIS 232458, at *9 (N.D. Ohio Dec. 6, 2021) (quoting *Cleveland Hous.*, 621 F.3d at 559). In

4

some cases, a plausible allegation in the state court complaint that the plaintiff seeks over $75,000 may be sufficient. *See Total Quality Logistics*, 2020 U.S. Dist. LEXIS 155757, at *14. But "when it is unclear from . . . the complaint whether the amount in controversy is satisfied," the defendant must present some evidence to meet its burden. *Id.*

The Court finds that defendants have failed to establish the amount-in-controversy requirement is satisfied. First, the Court cannot consider the value of the alleged back rent in computing the amount in controversy. As plaintiff indicates, no evidence in the record supports that plaintiff could receive back rent were it to prevail in this case. Indeed, the detainer action seeks only "possession of the property, any attorneys' fees and costs associated with this action, any possible restitution for damages to the property, and all other court costs and litigation taxes" [Doc. 1-2 p. 2]. The detainer action does not, however, seek back rent. True, the detainer action arose from defendants' alleged failure to make rent payments that aggregately exceed $75,000 [Doc. 1 ¶ 7; Doc. 1-2 p. 2]. But the detainer action does actually seek back rent. *See Ya Landholdings, LLC v. Sunshine Energy, KY 1, LLC*, 871 F. Supp. 2d 650, 653 (E.D. Ky. 2012) ("Back rent is not a valid measure of the amount in controversy here because . . . the plaintiff here makes no claim for back rent."). Stated simply, there is no evidence plaintiff could actually recover back rent in this case because the detainer action does not request it; yet, the Court can only consider the value of relief plaintiff may actually recover. *Naji*, 665 F. App'x at 400 (citation omitted).

5

For the same reason, the Court cannot consider the value of any sum to which plaintiff may be entitled under the lease's acceleration clause. Again, according to the detainer action, plaintiff seeks only the above-listed relief [*See* Doc. 1-2 p. 2]. However, neither the detainer action nor any other evidence demonstrates that plaintiff could receive accelerated payments were it to prevail.

Conversely, the Court can consider the value of relief plaintiff actually requests to the extent the value is substantiated by evidence. First, the detainer action seeks "possession of the property" [*Id.*]. In cases for nonmonetary relief generally, the amount in controversy is determined by "the value of the consequences which may result from the litigation." *See Poplar Avalon, LLC v. Sprintcom, Inc.*, No. 2:16-CV-2393-STA-DKV, 2016 U.S. Dist. LEXIS 86497, at *7 (W.D. Tenn. July 5, 2016) (quoting *Freeland*, 632 F.3d at 253). The Sixth Circuit has not detailed the manner in which courts should value possession of property in a detainer action for purposes of the amount-in-controversy requirement. *See id.* In the absence of guidance, the Sixth Circuit district courts have taken vastly different approaches. *See generally Ya Landholdings*, 871 F. Supp. 2d 650 (discussing various approaches). For example, several courts hold there is no amount in controversy associated with possession. *See, e.g.*, *Wells Fargo Del. Tr. Co., N.A. v. Lee*, No. 13-2708-SHM-DKV, 2013 U.S. Dist. LEXIS 182277, at *11 (W.D. Tenn. Nov. 5, 2013). Some courts hold the amount in controversy is determined by the fair market value of the property that is the subject of the detainer action. *See, e.g.*, *Wells Fargo Home Mortg. v. Bullock*, No. 2:13-2933-SHL-CGC, 2014 U.S. Dist. LEXIS 135798, at *7–8

(W.D. Tenn. Sept. 26, 2014) (citation omitted). Other courts hold the amount in controversy is the marginal rental income the plaintiff would receive if the plaintiff could obtain and re-lease the property at a higher rate. *See, e.g.*, *Poplar Avalon*, 2016 U.S. Dist. LEXIS 86497, at *13–14 (citation omitted).

The Court need not adopt any specific approach because defendants have not presented sufficient evidence under any possible approach. For example, under the first approach, possession is valueless and thus per se irrelevant. Under the second approach, defendants have presented no evidence of the value of the relevant property. *See Bullock*, 2014 U.S. Dist. LEXIS 135798, at *8. Similarly, under the third approach, while defendants summarily suggest plaintiff could re-lease the premises and obtain at least $75,000 [Doc. 16 p. 3], defendants present no evidence that plaintiff could do so. And even if plaintiff could re-lease the premises, defendants have not presented any market data to prove the marginal profits plaintiff would receive. For these reasons, the Court cannot consider the value of possession of the property when computing the amount in controversy in this case.

Next, the detainer action seeks "any attorneys' fees and costs associated with this action, any possible restitution for damages to the property, and all other court costs and litigation taxes" [Doc. 1-2 p. 2]. Even assuming the Court can consider these categories of relief in determining the amount in controversy, plaintiff has neither specified the sums plaintiff expects to receive nor substantiated any anticipated sums with evidence. *See Total Quality Logistics*, 2020 U.S. Dist. LEXIS 155757, at *21 (refusing to consider potential

7

attorneys' fees in computing the amount in controversy because defendants did not present an affidavit or other evidence regarding the anticipated amount of attorneys' fees).

Finally, the Court notes that the notice of removal suggests defendants' counterclaims are relevant in determining the amount in controversy [*See* Doc. 1 ¶ 8]. However, courts have consistently held counterclaims are not considered when determining the amount in controversy. *See, e.g.*, *Fannie Mae v. Jaa*, No. 14-CV-2065-STA-DKA, 2014 U.S. Dist. LEXIS 65364, at *8 (W.D. Tenn. Mar. 26, 2014) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376–77 (6th Cir. 2007)); *Wells Fargo Del. Tr. Co.*, 2013 U.S. Dist. LEXIS 182277, at *11 (citations omitted). Therefore, the Court will not consider the value of defendants' anticipated counterclaims.

In summary, defendants have failed to produce evidence to demonstrate the amount-in-controversy requirement is satisfied and thus any suggestion regarding the amount in controversy in this case is purely speculative. *See Total Quality Logistics*, 2020 U.S. Dist. LEXIS 155757, at *13–15. At least where a plaintiff disputes the amount in controversy, the defendant must present affidavits, market data, declarations, or other competent proof demonstrating the amount-in-controversy requirement is satisfied. *Compare Poplar Avalon*, 2016 U.S. Dist. LEXIS 86497, at *8–14, *9–10 n.11 (denying a motion to remand when the defendant presented an affidavit demonstrating the amount in controversy), *and Holiday Drive-in, LLC v. Liberty Mut. Ins. Co.*, No. 4:15-CV-147-JHM, 2016 U.S. Dist. LEXIS 27590, at *4, *9–16 (W.D. Ky. Mar. 4, 2016) (denying a motion to remand when the defendant presented, *inter alia*, an affidavit and engineers' report

detailing the amount in controversy), *and Ojala Props., LLC v. Clear Channel Outdoor, Inc.*, No. 1:13-CV-1226, 2013 U.S. Dist. LEXIS 118734, at *7–15 (N.D. Ohio Aug. 21, 2013) (denying a motion to remand when the defendant presented, *inter alia*, a citation and a declaration establishing the amount in controversy), *with Currie v. CitiMortgage, Inc.*, 3:13-CV-1139, 2014 U.S. Dist. LEXIS 116002, at *4 (M.D. Tenn. Aug. 20, 2014) (remanding when the defendant presented no evidence of the amount in controversy), *and Ya Landholdings*, 871 F. Supp. 2d at 652–55; (same). Because defendants have not done so here, the Court cannot be certain it has jurisdiction over this matter and thus remand is warranted.

Therefore, plaintiff's motion to remand will be **GRANTED**.[2]

### III. Conclusion

For the foregoing reasons, plaintiff's motion to remand [Doc. 13] will be **GRANTED**. This case will be **REMANDED** to the Hamilton County, Tennessee General Sessions Court for further proceedings. A separate order will follow.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also argues Progressive Investments Group, LLC's consent was required for removal yet Progressive Investments Group, LLC has not effectively consented and that Tennessee courts are the exclusive appropriate forum based on the lease's forum selection clause [*See* Doc. 14 pp. 4–22]. Because the Court independently finds remand appropriate for the reasons stated, the Court will not address these alternative arguments for remand.

9